# NOTICE OF REMOVAL

# EXHIBIT "A"

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: CHAD BRYAN**


alacourt.com

County: 03   Case Number: **CV-2017-900540.00**   Court Action:
Style: **LAURA QUARLES V. TENNESSEE STEEL HAULERS, INC. ET AL**

Real Time

| | | | | |
|---|---|---|---|---|
| 4/10/2017 1:12:01 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 4/10/2017 1:12:01 PM | 2 | COMPLAINT | | 8 |
| 4/10/2017 1:12:01 PM | 3 | INTERROGATORIES(R33) | Plaintiff's First Interrogatories to Defendant Tennessee Steel Haulers, Inc. | 6 |
| 4/10/2017 1:12:01 PM | 4 | REQUEST FOR PRODUCTION(R34) | Plaintiff's First Request for Production to Defendant Tennessee Steel Haulers, Inc. | 7 |
| 4/10/2017 1:12:01 PM | 5 | REQUEST FOR ADMISSION(R36) | Plaintiff's First Request for Admissions to Defendant Tennessee Steel Haulers, Inc. | 2 |
| 4/10/2017 1:12:02 PM | 6 | INTERROGATORIES(R33) | Plaintiff's First Interrogatories to Defendant Joshua Lawrence Faircloth | 7 |
| 4/10/2017 1:12:02 PM | 7 | REQUEST FOR PRODUCTION(R34) | Plaintiff's First Request for Production to Defendant Joshua Lawrence Faircloth | 6 |
| 4/10/2017 1:12:02 PM | 8 | INTERROGATORIES(R33) | Plaintiff's First Interrogatories to Defendant Trans Texas Express, Inc. | 6 |
| 4/10/2017 1:12:02 PM | 9 | REQUEST FOR PRODUCTION(R34) | Plaintiff's First Request for Production to Defendant Trans Texas Express, Inc. | 7 |
| 4/10/2017 1:12:02 PM | 10 | INTERROGATORIES(R33) | Plaintiff's First Interrogatories to Defendant Pedro H. Fernandez | 6 |
| 4/10/2017 1:12:02 PM | 11 | REQUEST FOR PRODUCTION(R34) | Plaintiff's First Request for Production to Defendant Pedro H. Fernandez | 5 |
| 4/10/2017 1:12:02 PM | 12 | INTERROGATORIES(R33) | Plaintiff's First Interrogatories to Defendant Walter O. Griffin, Jr. | 6 |
| 4/10/2017 1:12:03 PM | 13 | REQUEST FOR PRODUCTION(R34) | Plaintiff's First Request for Production to Defendant Walter O. Griffin, Jr. | 4 |
| 4/10/2017 1:12:03 PM | 14 | DEPOSITION - ORAL(R30) | Plaintiff's Notice of Taking Deposition of Joshua Lawrence Faircloth | 3 |
| 4/10/2017 1:12:03 PM | 15 | DEPOSITION - ORAL(R30) | Plaintiff's Notice of Taking Deposition of Tennessee Steel Haulers, Inc. | 3 |
| 4/10/2017 1:12:38 PM | 16 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 4/10/2017 1:12:39 PM | 17 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 5 |
| 4/14/2017 9:11:20 AM | 18 | SERVICE RETURN | SERVICE RETURN | 1 |
| 4/14/2017 9:11:40 AM | 19 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 4/14/2017 12:09:16 PM | 20 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 8 |
| 4/14/2017 1:03:14 PM | 21 | COPY OF COMPLAINT | Complaint | 8 |
| 4/14/2017 1:03:14 PM | 22 | MISC. DOCUMENT | Plaintiff's First Request for Admissions to Defendant Tennessee Steel Haulers, Inc. | 2 |
| 4/14/2017 1:03:14 PM | 23 | MISC. DOCUMENT | Plaintiff's First Request for Production to Defendant Tennessee Steel Haulers, Inc. | 7 |
| 4/14/2017 1:03:14 PM | 24 | MISC. DOCUMENT | Plaintiff's First Interrogatories to Defendant Tennessee Steel Haulers, Inc. | 6 |
| 4/14/2017 1:03:25 PM | 25 | ALIAS SUMMONS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 4/14/2017 1:03:25 PM | 26 | ALIAS SUMMONS - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 4/17/2017 6:18:36 PM | 27 | SERVICE RETURN | SERVICE RETURN - D005 - COMPLAINT | 1 |
| 4/17/2017 6:19:07 PM | 28 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 8 |
| 4/18/2017 12:42:47 PM | 29 | RETURN ON SERVICE - NOT SERVED | | 1 |
| 4/18/2017 1:04:29 PM | 30 | NOTICE OF DISCOVERY | Plaintiff's Notice of Intent to Serve Subpoena on Non-Party: Montgomery Police Department | 5 |
| 4/18/2017 1:04:40 PM | 31 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 8 |
| 4/18/2017 1:56:52 PM | 32 | RETURN ON SERVICE - SERVED | Stipulation for Acceptance of Service | 2 |
| 4/18/2017 1:57:06 PM | 33 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 9 |

| | | | | |
|---|---|---|---|---|
| 4/20/2017 12:12:41 PM | 34 | SERVICE RETURN | SERVICE RETURN - D001 - ALIAS SUMMONS | 1 |
| 4/20/2017 12:13:10 PM | 35 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 8 |
| 5/4/2017 9:51:55 AM | 36 | SUBPOENA | Subpoena for MONTGOMERY POLICE DEPARTMENT | 2 |
| 5/4/2017 9:53:02 AM | 37 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 9 |
| 5/4/2017 1:26:35 PM | 38 | RETURN ON SERVICE - SERVED | Subpoena to Montgomery Police Department served | 1 |
| 5/4/2017 1:26:57 PM | 39 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 9 |

**END OF THE REPORT**

ELECTRONICALLY FILED
4/10/2017 1:11 PM
03-CV-2017-900540.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

# IN THE CIRCUIT COURT FOR
# MONTGOMERY COUNTY, ALABAMA

LAURA QUARLES, as the )
Administratrix of the Estate of )
Gregory Quarles, deceased, )
)
)
Plaintiff, )
)
v. )   CIVIL ACTION NO. CV-_____
)
)
TENNESSEE STEEL HAULERS, INC.; )
JOSHUA LAWRENCE FAIRCLOTH; )
WALTER O. GRIFFIN, JR.; PEDRO H. )
FERNANDEZ; TRANS TEXAS EXPRESS, )
INC.; "A", that person, corporation or )
other legal entity who owned the )
equipment operated by Joshua )
Lawrence Faircloth; "B", that person, )
corporation or other legal entity that )
owned the equipment operated by )
Pedro H. Fernandez; "C", that person, )
corporation or other legal entity who )
loaded the trailer of the 18-wheeler )
operated by Pedro H. Fernandez; "D", )
that person, corporation or other legal )
entity that maintained the vehicle )
operated by Joshua Lawrence Faircloth; )
"E", that person, corporation or other )
legal entity that maintained the vehicle )
operated by Pedro H. Fernandez; "F", )
that person, corporation or other legal )
entity whose negligence, wantonness )
or other wrongful conduct combined )
with the other defendants to cause the )
injuries and damages alleged herein, all )
of said fictitious defendants are )
unknown to Plaintiff at this time but )
will be substituted by amendment when )
ascertained, )
)
)
Defendants. )

1

## COMPLAINT
### Statement of the Parties

1. Plaintiff, Laura Quarles, is over the age of nineteen and is a resident citizen of Montgomery County, Alabama. She is the duly appointed Administratrix of the Estate of Gregory Quarles, her deceased husband, having been appointed by the Probate Court of Montgomery County.

2. Defendant Tennessee Steel Haulers, Inc. ("TSH") is believed to be a foreign corporation with its principal place of business being located in Nashville, Tennessee but at all times material was doing business in Montgomery County, Alabama.

3. Defendant Joshua Lawrence Faircloth ("Faircloth") is believed to be a resident of Grantville, Georgia and over the age of nineteen years.

4. Defendant Walter O. Griffin, Jr. ("Griffin") is a resident citizen of Montgomery County, Alabama and is over the age of nineteen years.

5. Defendant Pedro H. Fernandez ("Fernandez") is believed to be a resident of Laredo, Texas and over the age of nineteen years.

6. Defendant Trans Texas Express, Inc. ("Trans Texas") is believed to be a foreign corporation with its principal place of business being located in Laredo, Texas but at all times material doing business in Montgomery County, Alabama.

7. Fictitious Defendant "A" is that person, corporation or other legal entity who owned the equipment operated by Joshua Lawrence Faircloth.

8. Fictitious Defendant "B" is that person, corporation or other legal entity that owned the equipment operated by Pedro H. Fernandez.

DOCUMENT 2

9.  Fictitious Defendant "C" is that person, corporation or other legal entity who loaded the trailer of the 18-wheeler operated by Pedro H. Fernandez.

10. Fictitious Defendant "D" is that person, corporation or other legal entity that maintained the vehicle operated by Joshua Lawrence Faircloth.

11. Fictitious Defendant "E" is that person, corporation or other legal entity that maintained the vehicle operated by Pedro H. Fernandez.

12. Fictitious Defendant "F" is that person, corporation or other legal entity whose negligence, wantonness or other wrongful conduct combined with the other defendants to cause the injuries and damages alleged herein.

## Statement of the Facts

13. On January 31, 2017, in Montgomery County, Alabama, Plaintiff's decedent, Gregory Quarles was operating his Jeep Cherokee vehicle in the right-hand lane northbound on I-85 near the Chantilly exit.

14. Traffic was slowed to a stop in the northbound lane as a result of an accident that had occurred in the I-85 southbound lanes and median.

15. An 18-wheeler operated by Fernandez overturned into the median while southbound causing the backup in the northbound lanes.

16. The southbound accident occurred as a result of Griffin and Fernandez colliding which resulted in Fernandez going into the median. As a result of this southbound accident, the traffic in the northbound I-85 lanes came to a stop.

17. An 18-wheeler operated by Faircloth on behalf TSH was behind the vehicle operated by Gregory Quarles.

3

18. The 18-wheeler operated by Faircloth did not slow for the traffic but instead collided with the rear of Mr. Quarles vehicle pushing him into another northbound 18-wheeler resulting in an explosion and fire.

19. Gregory Quarles was killed as a result of the collision between Faircloth's 18-wheeler and his Jeep Cherokee.

20. At all times material Defendant Faircloth was operating the 18-wheeler under the authority of TSH and under TSH's DOT number. TSH is responsible for the acts or omissions of Defendant Faircloth.

## COUNT ONE
### (Negligence)

21. Plaintiff realleges all allegations contained in paragraphs 1 through 20 as if set out here in full.

22. Defendant Faircloth negligently operated his vehicle by failing to comply with the Alabama Rules of the Road.

23. Defendant Faircloth negligently failed to maintain his vehicle at a safe operating speed.

24. Defendant Faircloth negligently operated his vehicle by failing to keep a proper lookout.

25. Defendant Faircloth negligently operated his vehicle by being distracted and not paying proper attention.

26. As a proximate consequence of the negligence of Defendants Faircloth, TSH and Fictitious Defendants "A", "D" & "F", Gregory Quarles was killed.

WHEREFORE, Plaintiff claims damages against Defendants Faircloth and TSH and Fictitious Defendants "A", "D" & "F" as allowed under Alabama law in an amount a jury may assess plus the cost of this action.

## COUNT TWO
### (Wantonness)

27. Plaintiff realleges all allegations contained in paragraphs 1 through 26 as if set out here in full.

28. Defendant Faircloth wantonly operated his vehicle and acted with reckless disregard to the consequences by failing to comply with the Alabama Rules of the Road.

29. Defendant Faircloth wantonly failed to maintain his vehicle at a safe operating speed.

30. Defendant Faircloth wantonly operated his vehicle by failing to keep a proper lookout.

31. Defendant Faircloth wantonly operated his vehicle by being distracted and not paying proper attention.

32. As a proximate consequence of the wantonness of Defendants Faircloth, TSH and Fictitious Defendants "A", "D" & "F", Gregory Quarles was killed.

WHEREFORE, Plaintiff claims damages against Defendants Faircloth and TSH and Fictitious Defendants "A", "D" & "F" as allowed under Alabama law in an amount a jury may assess plus the cost of this action.

## COUNT THREE
### (Negligent Entrustment)

33. Plaintiff realleges all allegations contained in paragraphs 1 through 32 as if set out here in full.

34. Defendant TSH negligently or wantonly entrusted their vehicle to Defendant Faircloth.

35. As a proximate consequence of the negligent or wanton entrustment, Gregory Quarles was wrongfully killed.

WHEREFORE, Plaintiff claims damages as allowed under Alabama law against TSH in an amount a jury may assess plus the cost of this action.

## COUNT FOUR
### (Negligence)

36. Plaintiff realleges all allegations contained in paragraphs 1 through 35 as if set out here in full.

37. Defendants Fernandez, Trans Texas and Griffin and Fictitious Defendants "B" & "F" negligently operated their vehicles so as to cause a collision between their vehicle resulting in the accident in the southbound lanes.

38. It was foreseeable to said Defendants that causing an accident on the interstate could result in traffic backup for all lanes in both directions.

39. As a proximate consequence of the accident in the southbound lanes, Defendant Faircloth was distracted and failed to exercise reasonable care which resulted in the collision with the Quarles vehicle.

6

40. As a proximate consequence of the negligence of Defendants Fernandez, Trans Texas and Griffin and Fictitious Defendants "B" and "F", the subject accident occurred.

WHEREFORE, Plaintiff claim damages against said Defendants for the wrongful death of Gregory Quarles for such amount as a jury may assess plus the cost of this action.

## COUNT FIVE
### (Wantonness)

41. Plaintiff realleges all allegations contained in paragraphs 1 through 40 as if set out here in full.

42. Defendants Fernandez, Trans Texas and Griffin and Fictitious Defendants "B" and "F" wantonly operated their vehicles so as to cause a collision between their vehicle resulting in the accident in the southbound lanes.

43. It was foreseeable to said Defendants that causing an accident on the interstate could result in traffic backup for both lanes.

44. As a proximate consequence of the accident in the southbound lanes, Defendant Faircloth was distracted and failed to exercise reasonable care which resulted in the collision with the Quarles vehicle.

45. As a proximate consequence of the wantonness of Defendants Fernandez, Trans Texas and Griffin and Fictitious Defendants "B" and "F", the subject accident occurred.

WHEREFORE, Plaintiff claim damages against said Defendants for the wrongful death of Gregory Quarles for such amount as a jury may assess plus the cost of this action.

/s/ Jere L. Beasley
JERE L. BEASLEY (BEA020)


/s/ J. Greg Allen
J. GREG ALLEN (ALL021)


/s/LaBarron N. Boone
LABARRON N. BOONE (BOO029)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343
jere.beasley@beasleyallen.com
greg.allen@beasleyallen.com
labarron.boone@beasleyallen.com


## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ J. Greg Allen
OF COUNSEL

8