IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAURA QUARLES, ) | |
| as the Administratrix of the Estate of ) | |
| Gregory Quarles, deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-308-WKW |
| ) | [wo] |
| TENNESSEE STEEL HAULERS, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 25, entered 7/11/17). Now pending before the Court is the Motion for Remand (Doc. 19, filed 6/8/17). The motion is fully submitted and ripe for review. For good cause shown, the Magistrate Judge recommends that the Motion for Remand be **DENIED**.

**I. F**ACTUAL **B**ACKGROUND[1]

On January 31, 2017, Gregory Quarles drove his Jeep Cherokee in the right-hand lane of Interstate 85 Northbound near the Chantilly exit in Montgomery, Alabama. At approximately 5:50 p.m. Defendant Walter O. Griffin, Jr. ("Griffin") and Defendant Pedro H. Fernandez ("Fernandez") collided while driving on Interstate 85 Southbound near the Chantilly exit in Montgomery, Alabama.[2] Fernandez was driving an 18-wheeler on behalf of Defendant Trans Texas Express ("Trans Texas"). The collision caused Fernandez' vehicle to hit a 3rd vehicle. As

---

[1] The Court must consider facts in the light most favorable to the Plaintiff.

[2] It is a disputed question of fact as to whose negligence caused this first accident.

a result of the accident, the 18-wheeler operated by Fernandez overturned into the median, lumber was scattered across the median, and the 3rd vehicle also came to rest in the median. As a result of that accident, significant cleanup had to take place which also partially blocked traffic on the Northbound side of Interstate 85. The cleanup included a number of first responder vehicles and a hazardous materials truck.

Approximately two hours and forty minutes later around 8:31 p.m., Defendant Joshua Faircloth ("Faircloth") was driving an 18-wheeler on behalf of Tennessee Steel Haulers ("TSH") on Interstate 85 Northbound. Gregory Quarles was driving his Jeep Cherokee in the right-hand lane of I-85 Northbound. As a result of the cleanup due to the first accident on the southbound side, traffic had slowed to the point of almost a complete stop on the northbound side as well. Faircloth ultimately hit Quarles which pushed his jeep under the rear of another tractor trailer and pinned it against a guardrail. The ensuing explosion and fire killed Gregory Quarles. This lawsuit relates to the unfortunate and tragic events that lead to Gregory Quarles untimely death.

## II.   PROCEDURAL HISTORY

Plaintiff Laura Quarles ("Quarles" or "Plaintiff"), in her capacity as Administratrix of the Estate of Gregory Quarles, filed this in the Circuit Court of Montgomery County, Alabama on April 10, 2017. *See* Doc. 1, Exhibit A, Complaint. This wrongful death suit alleges five counts against defendants to include negligence, wantonness, and negligent entrustment. *Id*. Defendants are TSH, Faircloth, Griffin, Fernandez, Trans Texas, and fictitious defendants.[3] The allegations against all Defendants involved solely Alabama state law issues.

---

[3] "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1396 n. 11 (11th Cir. 2011) (quoting statute and its effect on diversity jurisdiction). Thus, the Court disregards the fictitious defendants in its analysis of whether there is complete diversity.

Defendant TSH filed a Notice of Removal in this court based on an assertion of diversity jurisdiction. Doc. 1, generally. Faircloth consented in writing to the removal. Doc. 1, Ex. H. TSH avers that all remaining party defendants have been fraudulently joined and thus their consent is not required. Doc. 1 at p. 19-20. Regardless, Defendants Griffin, Fernandez, and Trans Texas filed their joinders and consent to removal. *See* Docs. 4-5. Defendant states in its Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because the United States District Court now has original jurisdiction over this case under 28 U.S.C. §1332.

Specifically, the TSH asserts diversity jurisdiction exists in this case because the amount in controversy exceeds the $75,000 jurisdictional threshold and complete diversity of citizenship exists among the "true parties" when considering Defendants Griffin, Fernandez, and Trans Texas have been fraudulently joined. Quarles is an Alabama citizen. TSH is a foreign corporation with its principal place of business being located in Nashville, Tennessee. Faircloth is a resident of Grantville, Georgia. Fernandez is a resident of Laredo, Texas. Trans Texas is a foreign corporation with its principal place of business being located in Laredo, Texas. *See* Doc. 1 at p. 6; Doc. 1, Ex. A at p. 2. Griffin – one defendant which has allegedly been fraudulently joined – is a resident of Montgomery, Alabama which is the lynchpin of this jurisdictional argument as his presence is what would destroy diversity of citizenship among the parties.

On June 8, 2017, Plaintiff timely filed her motion to remand. *See* Doc. 19. In the motion to remand, Plaintiff asserts Defendants Griffin, Fernandez, and Trans Texas were not fraudulently joined and therefore this case was not removable as there is not complete diversity of citizenship since Plaintiff and Defendant Griffin are both Alabama citizens. Plaintiff asserts claims of negligence and wanton conduct against Griffin, Fernandez, and Trans Texas for causing the first accident which she argues ultimately resulted in the accident that killed Gregory

Quarles. Specifically, Plaintiff states the negligent and wanton operation of their vehicles resulted in their collision "which created a dangerous and hazardous road condition in both the northbound and southbound lanes of I-85." *Id.* at p. 8. Further it "created an environment where drivers would be distracted that resulted in and was the proximate cause of the second accident that killed Mr. Quarles." Plaintiff further argues TSH and Faircloth "have tacitly admitted that a dangerous condition existed by pleading 'sudden emergency' as an affirmative defense in their Answer." *Id.*

TSH responded to the motion to remand arguing that Griffin, Fernandez, and Trans Texas were fraudulently joined because Plaintiff could not recover against them under Alabama law. Doc. 22; *see also* Doc. 1. Therefore, if fraudulently joined, the Court must disregard their citizenships when considering the existence of diversity of citizenship. TSH reiterates its arguments made in the Notice of Removal. Specifically, that the question of "foreseeability" is dispositive of the remand issue.

Griffin also files a response in opposition to the motion to remand. *See* Doc. 23. Griffin further argues that the affidavit attached to the motion to remand does not contain information based upon the personal knowledge of the affiant. The video clips submitted were taken by an unknown passerby at an unknown time before the second accident. Further, Griffin argues that even if there were emergency vehicles on the opposing side of the freeway, Alabama law requires drivers to yield to emergency vehicles. Next, Griffin asserts Alabama cases do not recognize a cause of action for negligence/wantonness against a defendant who merely creates a distraction "near" the roadway as opposed to directly on the roadway itself. Finally, Griffin asserts the substantial period of time breaks the natural and probable consequences of the original act. Thus there is no proximate causation as to the first accident.

After review of the various pleadings, motions, and responses, the Court determines the issues are fully briefed and no oral arguments are necessary. Thus, the jurisdictional question is ripe for review.

### III. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action…if the joinder of the non-diverse party…[was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh

Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id*.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id*. at 1322-23. Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id*. at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

## IV. Discussion and Analysis

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal and whether Defendants Griffin, Fernandez, and Trans Texas were fraudulently joined.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." Normally, the notice of removal must "be filed within

thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The amount in controversy is not at issue, thus the Court looks to the diversity of citizenship and whether fraudulent joinder has occurred.

Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [her] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted). Defendants have alleged that Griffin, Trans Texas and Fernandez have been fraudulently joined under the "no cause of action" theory of fraudulent joinder.[4] This theory requires the defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[]." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quotation marks omitted); *see also Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 539 (11th Cir. July 8, 2015) (quoting *Crowe*). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg*, 428 F.3d at 1325 n. 5 (citation and

---

[4] The arguments focus on Griffin because he is the Defendant which "destroys" diversity as he is a citizen of Alabama. However, the legal analysis would apply for all three defendants from the first accident.

internal quotation marks omitted). Stated differently, a court may deny the motion to remand only if there was no possibility that the plaintiff could have maintained a cause of action. *Henderson*, 454 F.3d at 1281-82. The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…" *Id.* at 1284; *see also Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 869 (11th Cir. 2006) ("The burden of establishing fraudulent joinder is a heavy one.").

The question which remains before the Court is whether or not there is any possibility that Plaintiff could maintain either of her causes of action against Defendants Griffin, Fernandez, and Trans Texas. The Court need not discuss the remaining defendants in the context of this jurisdictional issue. Thus, when the Court uses the term "Defendants" below, the reference collectively discusses Griffin, Fernandez, and Trans Texas. Additionally, as this is a diversity case, Alabama law controls on the substantive issues.

"The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Aliant Bank v. Four Star Invs., Inc.*., --- So. 3d ---, ---, 2017 Ala. LEXIS 47, 2017 WL 1787935, *18 (Ala. May 5, 2017) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001)); *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009). Thus, to prevail on a negligence claim, Plaintiff must demonstrate the following: (1) that Defendants owed a duty of care to Mr. Quarles; (2) that Defendants breached that duty; (3) that Quarles suffered loss or injury; and (4) that Defendants' negligence was the actual and proximate cause of that loss or injury. To establish wantonness, a plaintiff "must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of

which the plaintiff complains." *Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 646 (Ala. 2011) (internal quotation marks omitted).

Yet, "[n]egligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." *Gilmore v. Shell Oil Co.*, 613 So. 2d 1272, 1274-75 (Ala. 1993) (quoting *Vines v. Plantation Motor Lodge*, 336 So. 2d 1338, 1339 (Ala. 1976)). "However negligent a party may have been in some particular [instance], he is accountable only to those injured as a proximate result of such negligence. Where some independent agency intervenes and is the immediate cause of the injury, the party guilty of prior negligence is not liable." *Id*. (quoting *Hall v. Booth*, 423 So. 2d 184, 185 (Ala. 1982)). Further, the Alabama Supreme Court has held:

> It is settled law in Alabama that even if one negligently creates a dangerous condition, he or she is not responsible for injury that results from the intervention of another cause, if at the time of the original negligence, the intervening cause cannot reasonably be foreseen. In such cases, we have held that the defendant's negligence is not the "proximate cause" of the plaintiff's injury, and, therefore, that the defendant is not liable. Such an unforeseen agency, which breaks the chain of causation that otherwise might have linked the defendant's negligence to the plaintiff's injury, has been referred to as an "intervening efficient cause." In order for conduct to be considered an intervening efficient cause, it must (1) occur after the defendant's negligent act, (2) be unforeseeable to the defendant at the time he acts, and (3) be sufficient to be the sole cause-in-fact of the plaintiff's injury.

*Prill*, 23 So. 3d at 6 (internal citations and quotations omitted). Using the above, the question before the Court at this jurisdictional phase is whether the intervening cause of the accident – i.e. that Faircloth would hit Quarles' vehicle – meets the 3-part test to be references as "an intervening efficient cause."

With regard to question 1, it is clear that the second accident happened after the first

accident. The resolution of questions 2 and 3 is a more fact-specific approach as to the legal determination on whether a second highway crash was proximately caused by the intervening negligence of another that could not have been reasonably anticipated by the defendants that caused the first crash. "The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter." *Baumann v. Zhukov*, 802 F.3d 950, 956 (8th Ci. 2015) (citation omitted).

"[F]oreseeability must be based on the probability that harm will occur, rather than the bare possibility." *Butler v. AAA Warehousing & Moving Co.*, 686 So.2d 291, 293 (Ala. Civ. App. 1996). However, given the lapse in time, the Court cannot conclude this second catastrophic accident was foreseeable over 2.5 hours later. In *Blood v. VH-1 Music First*, 668 F.3d 543 (7th Cir. 2012), defendants negligently caused a crash blocking the interstate. Four hours later, a truck slammed full speed into plaintiff's car which was stopped at the end of the resulting 4.5-mile long traffic jam. The Seventh Circuit affirmed the grant of summary judgment for the defendants from the first accident. The Court noted the length of time between the two crashes and emphasized the second truck driver "acted extraordinarily" in failing to stop when every other driver had come to a safe stop and visibility was good. *Id.* at 546-548. In *Bauman*, the Eighth Circuit discussed two accidents occurring approximately forty minutes apart. Forty minutes after the first accident involving two truck drivers, another truck driven smashed into the plaintiffs' stopped vehicle and killed them. The administrators sued the trucks from the first accident alleging negligence in causing the first crash proximately causing the second. The Eighth Circuit affirmed the determination that the plaintiff's deaths were *not* proximately caused

by the first accident because the unanticipated negligence of the second accident defendant was an "efficient intervening cause." *Bauman*, 802 F.3d at 955-56. Though not binding, the Court finds these and the other similar cases cited by Defendant in their response to be persuasive even with regard to Alabama law. *See* Doc. 22 at p. 11, n. 8. When considering the inquiry involved in two successive accidents, the Court considers the following descriptors useful in making its determination.

> In cases involving successive car accidents, proximate cause has been resolved as a matter of law based on the following considerations: (a) lapse of time; (b) whether the force initiated by the original wrongdoer continued in active operation up to the injury; (c) whether the act of the intervenor can be considered extraordinary; and (d) whether the intervening act was a normal response to the situation created by the first wrongdoer.

*Bauman*, 802 F.3d at 955 (quoting *Blood*, 668 F.3d at 546). Generally, Courts should leave these determinations to the trier of fact unless no reasonable person could differ on the matter. Looking to the above and considering questions 2-3 from the Alabama Supreme Court's holding in the *Prill* case, the Court finds that no reasonable person could differ on this matter. It is clear that the second accident where Faircloth hit Quarles was the cause -in-fact of plaintiff's untimely death especially considering the time-lapse between the two accidents and the fact other drivers (including large trucks) had managed to safely stop in the 2.5+ hours between the first and second accident. Applying Alabama law, the Court finds that no reasonable juror would find that the first accident could be held as the proximate cause of Quarles' death. Thus, because the Court finds that Faircloth's actions were unforeseeable to the Defendants from the first accident at the time of their accident <u>and</u> the second accident was the sole cause-in-fact of the plaintiff's injuries, the Court must conclude by that the second accident was an intervening efficient cause

which broke the chain of causation to the first accident.[5] Therefore, the Defendants from the first accident (Griffin, Fernandez, and Trans Texas) could not be negligent or wanton and those claims are due dismissal as fraudulently joined.

## V. CONCLUSION

When considering the motion to remand, it is clear under Alabama law that Plaintiff's asserted claims against Defendant Griffin fail as a matter of law. The Court finds that Defendants have met their heavy burden on removal to prove Plaintiff fraudulently joined Defendant Griffin to destroy diversity. Though Fernandez and Trans Texas are also diverse defendants, the analysis applies to them as well.

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 19) be **DENIED** and Defendants Griffin, Fernandez, and Trans Texas be dismissed from this case as fraudulently joined.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **February 8, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in

---

[5] The Court notes that this legal determination is based on the facts considered most favorably to the Plaintiff. Under a different set of facts, there could certainly be instances where a second accident may not be an intervening efficient cause and could still be the proximate cause of an accident.

the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of January, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE